THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ALEXANDER PICONE, Defendant.

Supreme Court, Special Term, Kings County, June 3, 1943.

*Joseph J. Catania* for defendant.

*Thomas C. Hughes, Acting District Attorney,* for plaintiff.

NOVA, J. Aside and apart from the question as to whether or not the evidence in this case is sufficient to charge a violation of section 986 of the Penal Law, there is an important question which to my knowledge has never been raised before as to the power of a city magistrate of the City of New York,

sitting as a court of special sessions, who summarily tries the case in pursuance of section 131 of the New York City Criminal Courts Act (L. 1910, ch. 659 as amd.) to delegate to another magistrate the power of sentencing. The pertinent part of section 131 of the New York City Criminal Courts Act to which I refer is as follows: " In any case where the magistrate holds a court of special sessions the action shall be tried and finally disposed of by him * * *." Criminal statutes must be strictly construed.

What happened in this case was that on May 19, 1943, City Magistrate Charles Solomon, in pursuance of section 131 of the New York City Criminal Courts Act, sat as a court of special sessions, trying this defendant for a charge of violation of section 986 of the Penal Law [book-making]. He found the defendant guilty and the sentence of the defendant on this guilty finding was put over until May 28, 1943, at which time Magistrate Charles E. Hirsimaki imposed sentence upon this defendant upon the guilty finding hereinbefore set forth.■

The question is: What does the above quoted-language of section 131 of the New York City Criminal Courts Act mean? The language seems to be plain and unambiguous and, if my interpretation is correct, it means that where a magistrate holds a court of special sessions, it is incumbent upon him not alone to try the issue involved (and the language is in the conjunctive by the use of the word " and ") but finally to dispose of it, because the language says it must be finally disposed of by him, and " by him " means the magistrate who tried the issue. Any other interpretation, in my opinion, would be stretching the legislative language because the word " shall " as used in this section means " must ", and if the case must be tried by him, then it must be disposed of by him, and to dispose of the case means to impose the final judgment, which means sentencing. Such was not done in this case. Therefore, I have reason to doubt that this judgment of conviction and sentence will stand.

For the above reasons I grant certificate of reasonable doubt and fix bail in the sum of $1,000.